IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF OKLAHOMA

NELSON R. LYNCH,               )
                               )
            Petitioner,        )
                               )
v.                             )        Case No. CIV-05-150-HE
                               )
TIM O'DELL, WARDEN,[1]         )
                               )
            Respondent.        )

## REPORT AND RECOMMENDATION

The Petitioner, Mr. Nelson R. Lynch, is a state inmate who seeks a writ of habeas corpus. The habeas petition should be denied.

### BACKGROUND

In state district court, Mr. Lynch obtained four suspended sentences, three of them for fifteen years and one for ten years. *See* Petitioner's Writ of Habeas Corpus at p. 3 (Feb. 4, 2005) ("Petition"). The court subsequently revoked the suspension of these sentences. *See id.* at p. 3.

Mr. Lynch appealed the revocation, and the Oklahoma Court of Criminal Appeals ("OCCA") affirmed. Notice of Conventional Filing, Exhibit 2 (Mar. 23, 2005) ("OCCA Opinion").

---

[1]     Mr. Lynch named the warden of his private prison as the respondent. Rather than object and request substitution, the attorney for Mr. Ron Ward unilaterally changed the case style. *See* Response to Petition for Writ of Habeas Corpus at p. 1 (Mar. 23, 2005) ("Response"). Mr. Ward cannot unilaterally change the parties. *See* Fed. R. Civ. P. 21.

The Petitioner then sought post-conviction relief in state district court. Notice of Conventional Filing, Exhibit 3 (Mar. 23, 2005). The court denied relief,[2] and the OCCA affirmed.[3]

The present action followed.

STANDARD FOR HABEAS RELIEF

This Court has a "secondary and limited" role in the review of state court rulings through a petition for habeas relief. *See Castro v. Ward*, 138 F.3d 810, 815 (10th Cir. 1998) (citations omitted).

For example, when factual allegations are involved, a federal court can grant habeas relief if the state court had made "an unreasonable determination of the facts in light of the evidence presented." Antiterrorism and Effective Death Penalty Act of 1996, 28 U.S.C. § 2254(d)(2) (2000).

Habeas relief is otherwise unavailable unless the state court had "reached a conclusion opposite to that reached by the Supreme Court on a question of law, decided the case differently than the Supreme Court has decided a case with a materially indistinguishable set of facts, or unreasonably applied the governing legal principle to the facts of the petitioner's case." *Sallahdin v. Gibson*, 275 F.3d 1211, 1221 (10th Cir. 2002).

---

[2]     Notice of Conventional Filing, Exhibit 4 (Mar. 23, 2005).

[3]     Notice of Conventional Filing, Exhibit 6 (Mar. 23, 2005).

## PREPONDERANCE OF THE EVIDENCE STANDARD - GROUND TWO

In his second ground for relief, the Petitioner claims that the "use of the preponderance of the evidence standard in revocation proceedings is unconstitutional." Petition at p. 7. The OCCA rejected this allegation, concluding that "at a revocation hearing [the prosecution] need only show by a preponderance of the evidence that the terms of the accused's suspension have been violated." OCCA Opinion at p. 2.

The OCCA's holding is correct, and the Tenth Circuit Court of Appeals has squarely rejected Mr. Lynch's argument. *See, e.g.*, *Bumgarner v. Middleton*, 54 F.3d 787, 1995 WL 275718, Westlaw op. at 2 (10th Cir. May 10, 1995) (unpublished op.) ("Petitioner's due process rights were not violated by application of the preponderance of the evidence standard of proof [in his revocation hearing]."). Thus, the Court should deny habeas relief on this ground.

## COLLATERAL ESTOPPEL - GROUND TWO

Mr. Lynch obtained an acquittal on one charge, which Mr. Ward says was for possession of a controlled dangerous substance with intent to distribute. Response at p. 3; *see* Petition at p. 7.[4] Relying on the acquittal, the Petitioner claims "collateral estoppel" to prevent use of the same evidence to revoke his suspended sentences. *Id.* The claim is invalid.

---

[4]     Revocation was ordered for the commission of a different offense, simple possession. Notice of Conventional Filing, Exhibit 12 at pp. 76-77 (Mar. 23, 2005) But the habeas record does not include documentation of the charge which was the subject of the acquittal.

3

Collateral estoppel involves Oklahoma law and violations of state law are not cognizable in habeas proceedings.  *See Estelle v. McGuire*, 502 U.S. 62, 71-72 (1991).  Thus, Mr. Lynch could not prevail even if the revocation had been barred by collateral estoppel.  *See Stringer v. Williams*, 161 F.3d 259, 263 (5th Cir. 1998) (rejecting a habeas claim based on collateral estoppel because the alleged violation would have involved state law).[5]

## SUFFICIENCY OF THE EVIDENCE - GROUND ONE

In his first ground for relief, Mr. Lynch challenges the sufficiency of the evidence to find that he had "knowingly and intentionally possessed the controlled dangerous substance of cocaine base."  Petition at p. 7.  The OCCA reasonably concluded that the evidence was sufficient,[6] and the federal district court should uphold the conclusion.

I.      Standard for Sufficiency of the Evidence

When the sufficiency of evidence is challenged in a habeas action, the federal district court must determine "whether, after viewing the evidence in the light most favorable to the prosecution, any rational trier of fact could have found the essential elements of the crime [by a preponderance of the evidence]."  *Jackson v. Virginia*, 443 U.S. 307, 319 (1979).  This standard "must be applied with explicit reference to the substantive elements of the criminal

---

[5]      The Tenth Circuit Court of Appeals has held that revocation of a suspended sentence after an acquittal does not violate the Fourteenth Amendment's Due Process Clause.  *Bumgarner v. Middleton*, 54 F.3d 787, 1995 WL 275718, Westlaw op. at 2 (10th Cir. May 10, 1995) (unpublished op.); *see also Morishita v. Morris*, 702 F.2d 207, 210 (10th Cir. 1983) (revocation of probation after an acquittal is allowable because of the difference in standards).

[6]      *See* OCCA Opinion at p. 2.

4

offense as defined by state law." *Id.* at 324 & n.16.   Therefore, the Court must consider

Oklahoma law in the consideration of this claim.

II.   Possession of a Controlled Dangerous Substance

Mr. Lynch's suspended sentences were revoked for possession of a controlled

dangerous substance (cocaine).   Notice of Conventional Filing, Exhibit 12 at p. 77 (Mar. 23,

2005); *see* Petition at p. 7.   At the relevant time, the governing statute provided:

> It shall be unlawful for any person knowingly or intentionally to possess a controlled dangerous substance unless such substance was obtained directly, or pursuant to a valid prescription or order from a practitioner, while acting in the course of his professional practice, or except as otherwise authorized by this act.

Okla. Stat. tit. 63 § 2-402(A)(1) (2001).   Sufficient evidence existed to conclude by a

preponderance of the evidence that Mr. Lynch had violated the statute.

The elements of possession of a controlled dangerous substance (cocaine) were: (1)

knowing and intentional, (2) possession, (3) of the controlled dangerous substance of

cocaine.   *See* OUJI-CR 6-6 (2d ed. 2000 supp.).

On February 18, 2002, Oklahoma City Police Officer Sean Query stopped a vehicle

for having a cracked windshield.   Notice of Conventional Filing, Exhibit 11 at pp. 5, 8 (Mar.

23, 2005).   Officer Query identified the driver and sole occupant as Mr. Lynch.   *See id.* at p.

10.   The Petitioner was subsequently arrested for lack of a valid driver's license.   *See id.* at

p. 11.   Upon an inventory search, Officer Query discovered a "small little clear plastic

Baggie [with] a white rock" under Mr. Lynch's seat.   *See id.* at pp. 13-14.   From experience,

Officer Query believed that the substance was crack cocaine.   *See id.* at pp. 13, 16.   A field

test showed that the rock consisted of "cocaine base," commonly referred to as "crack". *See id.* at p. 17.  Subsequent laboratory tests confirmed that the substance was comprised of cocaine base.  *See id.* at pp. 32, 39-40.

The evidence established that Mr. Lynch was the only occupant of the car, and an officer found cocaine under the driver's seat.  Thus, the fact-finder could reasonably find by a preponderance of the evidence that Mr. Lynch had possessed cocaine,[7] and sufficient evidence existed to support the revocation of his suspended sentences.

EXCESSIVENESS OF THE SENTENCE - GROUND FOUR

The trial court revoked the suspension of four sentences and ordered incarceration of the Petitioner for fifteen years.  Notice of Conventional Filing, Exhibit 12 at p. 77 (Mar. 23, 2005); *see* Petition at p. 3.  The Petitioner argues that this sentence was excessive.  Petition at p. 7.  The OCCA disagreed,[8] and this determination was reasonable.

Challenges to the trial court's sentencing decision "are not generally constitutionally cognizable, unless it is shown the sentence imposed is outside the statutory limits or unauthorized by law."  *Dennis v. Poppel*, 222 F.2d 1245, 1258 (10th Cir. 2000) (citations

---

[7]     *See United States v. Cota-Meza*, 367 F.3d 1218, 1220, 1223-24 (10th Cir.) (holding that sufficient evidence existed for a conviction involving possession of cocaine with intent to distribute when the substance was underneath the front seats of a vehicle being occupied solely by the defendant), *cert. denied*, __ U.S. __, 125 S. Ct. 276 (2004).

[8]     OCCA Opinion at p. 2.

omitted); *see also Haskins v. United States*, 433 F.2d 836, 839 (10th Cir. 1970) (a sentence cannot be considered cruel and unusual punishment if it is within the statutory limits).

The revocation triggered Mr. Lynch's original sentences. *See Garcia v. LeMaster*, 194 F.3d 1320, 1999 WL 682900, Westlaw op. at 2 (10th Cir. Sept. 2, 1999) (unpublished op.). Mr. Lynch does not allege that the original sentences were beyond the statutory limits, foreclosing habeas relief on this claim. *See id.* (rejecting an Eighth Amendment claim because the term imposed for revocation of a suspended sentence simply reactivated the original sentences, which had been constitutional).

### INEFFECTIVE ASSISTANCE OF COUNSEL - GROUNDS FIVE AND SIX

In his fifth and sixth grounds for relief, Mr. Lynch alleges ineffective assistance of trial and appellate counsel. Petition at p. 7. According to the Petitioner, his attorney at trial was ineffective for failure to inform the court of his "mental defect." Petitioner Nelson R. Lynch's Federal Habeas Corpus Pursuant to 28 U.S.C. § 2254 at pp. 9-12 (Feb. 4, 2005) ("Petitioner's Brief in Support"). Appellate counsel was allegedly ineffective for failure to raise the trial attorney's error as a ground for reversal. *See id.*

Mr. Ward argues that Mr. Lynch has not exhausted available state court remedies on these claims. Response at pp. 13-19. The federal district court should reject this argument, but the claims are not cognizable in habeas proceedings in light of Mr. Lynch's procedural default in state court.

I.    <u>Exhaustion of State Court Remedies</u>

In a post-conviction application, Mr. Lynch alleged ineffective assistance of trial counsel. Notice of Conventional Filing, Exhibit 3 at p. 3 & attached brief at pp. 2-5 (Mar. 23, 2005). But there the Petitioner claimed that trial counsel was ineffective for: (1) advising entry of a guilty plea, (2) failing to interview witnesses, and (3) generally failing to provide assistance. *See id.*, attached brief at pp. 3-4. But Mr. Lynch did not allege ineffective assistance of appellate counsel or failure of trial counsel to inform the court of the alleged mental defect. *See id.*, *passim*.

In an appeal from the denial of post-conviction relief, the Petitioner alleged for the first time that his counsel was ineffective in the direct appeal. There Mr. Lynch stated that "the merit of this claim [would] have to be considered on the merits of claims first according to the 'Findings of Fact and Conclusions of Law' by . . . [the trial court]." Notice of Conventional Filing, Exhibit 5 at p. 3 (Mar. 23, 2005). Mr. Lynch then suggested that he had met the first prong of *Strickland* because "'jeopardy attache[d] when [he] pleaded guilty and was sentenced to suspended time' and the district court came back and did a revocation after the Petitioner had been acquitted on a new case . . . ." (citation omitted).[9] *Id.* The Petitioner still did not mention the alleged ineffectiveness of his trial counsel. *See id.*, *passim*.

---

[9]    Appellate counsel challenged the use of evidence in the Petitioner's revocation hearing, but on grounds involving collateral estoppel rather than double jeopardy. *See* Notice of Conventional Filing, Exhibit 1 at pp. 6-7 (Mar. 23, 2005).

Federal law generally requires exhaustion of state judicial remedies. *See* 28 U.S.C. § 2254(b)(1) (2000). In this circuit, a petitioner may satisfy the exhaustion requirement by showing either: (1) "that a state appellate court has had the opportunity to rule on the same claim presented in federal court," or (2) "that at the time he filed his federal petition, he had no available state avenue of redress." *Miranda v. Cooper*, 967 F.2d 392, 398 (10th Cir. 1992) (citations omitted). If a state judicial remedy is available, the petitioner must "properly present[] [his claims] to the highest state court . . . ." *Dever v. Kansas State Penitentiary*, 36 F.3d 1531, 1534 (10th Cir. 1994) (citation omitted). But exhaustion is unnecessary when the state court would decline to reach the merits because of a procedural bar. *See Harris v. Reed*, 489 U.S. 255, 263 n.9 (1989) ("Of course, a federal habeas court need not require that a federal claim be presented to a state court if it is clear that the state court would hold the claim procedurally barred.").

In the state's highest court for criminal cases, the OCCA,[10] Mr. Lynch has never argued that his trial counsel was ineffective for failure to inform the court of a mental defect. Likewise, the Petitioner has not properly presented the OCCA with his related claims involving ineffective assistance of appellate counsel. Mr. Lynch has not explained his failure to include these allegations in his post-conviction application.

Generally, Oklahoma law provides that an issue is waived if it is not raised at the first possible opportunity. *See Smith v. State of Oklahoma*, 546 P.2d 1351, 1354 (Okla. Crim.

---

[10]     *See State of Oklahoma v. Blevins*, 825 P.2d 270, 271 (Okla. Crim. App. 1992) ("*This Court is the court of last resort in criminal cases.*" (emphasis in original; citations omitted)).

App. 1976) ("It is clear . . . that all issues known to a Petitioner must be raised in the first application for post conviction relief in the trial court, or they will be deemed to have been waived . . . ."). Oklahoma law authorizes a subsequent application for post-conviction relief if sufficient reason exists for the failure to assert the claims in the first application. *See* Okla. Stat. tit. 22 § 1086 (2001). However, the OCCA would disallow a second application by Mr. Lynch on his present claims.

Under state law, a second post-conviction application would be unavailable based on Mr. Lynch's alleged mental defect. The Petitioner filed his first application for post-conviction relief on July 22, 2004. Notice of Conventional Filing, Exhibit 3 (Mar. 23, 2005). Mr. Lynch filed his federal habeas petition on February 4, 2005. Petition at p. 1. Less than seven months passed between the time of the two pleadings. Mr. Lynch does not say why he would have been unable to present the relevant claims in July 2004, but was able to raise them in February 2005. From the sequence of events, the OCCA would conclude that Mr. Lynch had the mental capacity to present all of the ineffective assistance claims in July 2004. Thus, even if the Petitioner filed a subsequent application for post-conviction relief, the state courts would find his claims waived. *See supra* pp. 9-10. Under these circumstances, the Court should reject Mr. Ward's exhaustion defense.

II.    Procedural Default

Anticipating the foregoing conclusion, Mr. Ward alternatively argues that the ineffective assistance claims have been procedurally defaulted in state court. The undersigned agrees.

A.    Test for Procedural Default

Habeas relief is ordinarily prohibited if the same claim was procedurally barred in state court on independent and adequate state procedural grounds. *See Coleman v. Thompson*, 501 U.S. 722, 750 (1991).[11] The OCCA would treat Mr. Lynch's ineffective assistance claims as waived based on his failure to raise the claims in his application for post-conviction relief. *See supra* pp. 9-10. This waiver would serve as an independent and adequate state procedural ground barring federal habeas review. *See Medlock v. Ward*, 200 F.3d 1314, 1323 (10th Cir. 2000) (*per curiam*) ("we have held that Oklahoma's procedural bar to claims not raised on initial post-conviction review is independent and adequate" (citation omitted)). As a result, the procedural default doctrine prevents review of these claims unless an exception is implicated.

An exception is triggered if the petitioner "can demonstrate cause for the default and actual prejudice as a result of the alleged violation of federal law, or demonstrate that failure to consider the claims will result in a fundamental miscarriage of justice." *Coleman v.*

---

[11]    "A state procedural ground is independent if it relies on state law, rather than federal law, as the basis for the decision." *English v. Cody*, 146 F.3d 1257, 1259 (10th Cir. 1998). For the state ground to be adequate, it must be "strictly or regularly followed" and "applied evenhandedly to all similar claims." *Duvall v. Reynolds*, 139 F.3d 768, 797 (10th Cir. 1998) (citations omitted).

*Thompson*, 501 U.S. 722, 750 (1991).  The element of "cause" ordinarily requires an external impediment which prevents compliance with a procedural rule.  *See Murray v. Carrier*, 477 U.S. 478, 488 (1986).  To invoke the "fundamental miscarriage of justice" exception, Mr. Lynch must identify evidence that affirmatively demonstrates his innocence.  *See Phillips v. Ferguson*, 182 F.3d 769, 774 (10th Cir. 1999).

B.    "Cause" for Procedural Default

Mr. Lynch did not suggest "cause" for his procedural default.  But even if the Court were to consider the alleged mental defect as potential "cause", Mr. Lynch's claims would fail.[12]

As noted above, Mr. Lynch was mentally able to file state court documents which included other theories of ineffective assistance.  *See supra* p. 8.  These state pleadings were filed less than seven months before the prior action.  *See supra* p. 10.  Thus, Mr. Lynch's alleged mental defect did not hinder his ability to raise the appropriate claims in state court and would not excuse his procedural default.  *See Dickson v. Franklin*, 2005 WL 958493,

---

[12]    Courts have split on whether a mental defect can constitute "cause" for a procedural default. Some courts have answered in the negative, reasoning that a mental defect is not an "external impediment." *See, e.g., Harris v. McAdory*, 334 F.3d 665, 668-69 (7th Cir. 2003) (borderline mental retardation did not qualify as an "external impediment" (citation omitted)), *cert. denied*, 541 U.S. 992 (2004); *Hull v. Freeman*, 991 F.2d 86, 91 (3d Cir. 1993) ("[M]ental retardation [is] not 'external' . . . within the meaning of *Carrier*."). But one federal appellate court has concluded that a mental defect can constitute "cause" for a procedural default. *Holt v. Bowersox*, 191 F.3d 970, 974 (8th Cir. 1999) (a mental illness can excuse a procedural default if the claimant conclusively shows that the condition had interfered with his ability to exhaust state court remedies). Mr. Lynch's alleged mental defect would not excuse his procedural default even if it were considered an external impediment. *See supra* pp. 9-10; *infra* pp. 12-13. Thus, the Court need not decide whether a mental defect could constitute "cause" under different circumstances.

Westlaw op. at 3 (10th Cir. Apr. 27, 2005) (unpublished op.) (rejecting a petitioner's mental retardation as cause for a procedural default "[g]iven his reliance on a prison law clerk to prepare his submissions to the Oklahoma courts").

      C.    Fundamental Miscarriage of Justice

Mr. Lynch challenges the sufficiency of the evidence to find that he had possessed cocaine for purposes of revocation of the suspended sentences. Petitioner's Brief in Support at pp. 4-5. But these allegations do not demonstrate innocence, foreclosing avoidance of a procedural default based on a fundamental miscarriage of justice. *See Schlup v. Delo*, 513 U.S. 298, 327-30 (1995);[13] *see also United States v. Cervini*, 379 F.3d 987, 991 (10th Cir. 2004) (noting that claims involving sufficiency of the evidence and actual innocence are "conceptually distinct"), *cert. denied*, __ U.S. __, 125 S. Ct. 1592 (2005).

## III.   Summary

In post-conviction proceedings, Mr. Lynch failed to: (1) allege that trial counsel was ineffective for failure to assert the alleged mental defect, and (2) present a theory of ineffective assistance of appellate counsel for omission of a claim involving ineffectiveness on the part of the trial attorney. These claims would now be procedurally barred in state court, and the Petitioner has not shown "cause" for the default or the occurrence of a

---

[13]    In *Schlup v. Delo*, the Supreme Court pointed out that the test for a fundamental miscarriage of justice "is by no means equivalent to the standard . . . that governs review of claims of insufficient evidence." *Schlup v. Delo*, 513 U.S. at 330. The Court added that the focus of the two inquiries was different. *Id.*

fundamental miscarriage of justice absent federal review. Thus, the Court should reject Mr. Lynch's claims involving ineffective assistance of trial and appellate counsel.

## RECOMMENDATION

For the reasons discussed above, the undersigned recommends denial of the petition for a writ of habeas corpus.

## NOTICE OF RIGHT TO OBJECT

The Petitioner can object to this report and recommendation. To do so, Mr. Lynch must file an objection with the Clerk of this Court. *See* 28 U.S.C. § 636(b)(1) (2000). The deadline for objections is June 21, 2005. *See* W.D. Okla. LCvR 72.1(a). The failure to timely object would foreclose appellate review of the suggested ruling. *See Moore v. United States*, 950 F.2d 656, 659 (10th Cir. 1991).

## STATUS OF THE REFERRAL

The referral to the undersigned is terminated.

Entered this 31st day of May, 2005.


*Robert E. Bacharach*
_____
Robert E. Bacharach
United States Magistrate Judge